**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EMILY JOHNSON, | No. 13-35087 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00432-AC |
| v. | |
| SCOTT GIBSON; ROBERT STILLSON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted March 4, 2015
Submission Withdrawn April 21, 2015
Resubmitted June 14, 2016
Portland, Oregon

Before: FISHER, PAEZ and IKUTA, Circuit Judges.

Emily Johnson appeals the judgment entered in favor of the defendants in

her negligence action against Scott Gibson and Robert Stillson, employees of the

City of Portland.  We have jurisdiction under 28 U.S.C. § 1291.  We vacate the

judgment and remand to the district court.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Johnson was injured when she tripped and fell while jogging in Tom McCall Waterfront Park. She asserted negligence claims under Oregon law against Gibson and Stillson, employees responsible for the maintenance of the park. The district court granted summary judgment to the defendants, concluding they were immune from liability for damages under the Oregon Public Use of Lands Act, under which "an *owner* of land is not liable in contract or tort for any personal injury . . . that arises out of the use of the land for recreational purposes . . . when the owner of land either directly or indirectly permits any person to use the land for recreational purposes." Or. Rev. Stat. 105.682(1) (emphasis added). Johnson appealed.

On the parties' joint motion, we certified two questions to the Oregon Supreme Court, including, as relevant here, "whether city maintenance workers are 'owners' of the park and hence entitled to immunity under the Oregon Public Use of Lands Act." *Johnson v. Gibson*, 783 F.3d 1159, 1160 (9th Cir. 2015). The Oregon Supreme Court accepted certification and issued an opinion holding that "the individual employees in this case do not qualify as 'owners' under the Act." *Johnson v. Gibson*, 369 P.3d 1151, 1152 (Or. 2016) (alteration omitted).

Because the decision of the Oregon Supreme Court fully resolves the issues presented in this appeal, we vacate the judgment of the district court and remand

for further proceedings consistent with this decision and with the opinion of the Oregon Supreme Court.

**VACATED AND REMANDED.**  Costs on appeal are awarded to Johnson.